Filed 12/15/15  Shores v. Engelke CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| CHARLES SHORES et al., Plaintiffs, v. ROBERT ENGELKE et al., Defendants; JAMES ALDERSON, Objector and Appellant. | E062535 (Super.Ct.No. CIVVS1300286) OPINION |

APPEAL from the Superior Court of San Bernardino County.  Joseph R. Brisco, Judge.  Dismissed.

James A. Alderson, Objector and Appellant in pro. per.

Appellant James Alderson, the attorney who represented the defendants in this action, was ordered to pay $100 in sanctions for being late to a hearing.  He did not pay on time, so he was ordered to pay another $250.  Again, he did not pay on time; plus, he failed to appear personally at a hearing regarding those sanctions, so he was ordered to pay another $500.

1

After this appeal was filed, Alderson apologized to the trial court, and it suspended all of the sanctions. Accordingly, we will dismiss the appeal as moot.

I

FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2014, at a predisposition hearing, the trial court ordered Alderson to pay $100 in sanctions for being late. It set September 15, 2014 as the due date for payment.

Alderson did not pay by September 15, 2014. On September 17, 2014, the trial court set a hearing for September 29, 2014 regarding further sanctions for failure to pay.

Meanwhile, on September 22, 2014, the plaintiffs voluntarily dismissed the action with prejudice.

On September 25, 2014, Alderson paid the $100 in sanctions.

On September 29, 2014, at the hearing on further sanctions, Alderson did not appear. The trial court noted that the sanctions had not been paid on time. It ordered: "[T]he Court imposes an additional $250.00 in sanctions, for a total of $350.00 due on October 29, 2014." It also ordered Alderson to appear on October 29, 2014 if those sanctions were not paid.

On October 29, 2014, Alderson appeared via CourtCall. The trial court found that he had been ordered to be personally present. It continued the hearing to November 17, 2014, and it ordered Alderson to be personally present.

2

On November 17, 2014, after hearing argument, the trial court found that Alderson had paid the $100, but had paid it late. It further found that he had not paid the $250. It ordered him to pay $500 in sanctions for his failure to appear personally at the hearing on October 29, 2014. It also ordered him to pay the total outstanding sanctions of $750 by December 8, 2014. Finally, it ordered him to appear on December 11, 2014 if those sanctions were not paid.

Alderson did not pay the sanctions. Instead, on December 11, 2014, he filed a notice of appeal.

On January 14, 2015, Alderson "apologize[d] to the Court for all his comments and conduct." The trial court "suspend[ed] all sanctions."[1] At oral argument in this court, Alderson similarly voiced his apologies.

## II

## THE APPEAL IS MOOT

"'As a general rule, an appellate court only decides actual controversies. It is not the function of the appellate court to render opinions """"upon moot questions or abstract propositions, or . . . declare principles or rules of law which cannot affect the matter in issue in the case before it.""""" [Citation.] "[A] case becomes moot when a court ruling

---

**1** We mention these post-appeal events only because they are relevant to mootness (see part II, *post*). (See *In re Zeth S.* (2003) 31 Cal.4th 396, 405; *In re Salvador M.* (2005) 133 Cal.App.4th 1415, 1421-1422.)

3

can have no practical effect or cannot provide the parties with effective relief."'

[Citation.]" (*People v. Gregerson* (2011) 202 Cal.App.4th 306, 321.)

Here, while the appeal was pending, Alderson apologized to the trial court, and it suspended all of the sanctions. This means that he has already received the only relief that he seeks from us. Thus, the appeal is moot and must be dismissed.

III

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ          
P. J.

We concur:

KING          
          J.

CODRINGTON      
          J.